## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | **:** | |
| **SHANNON K. SUTTON,** | **:** | **(Removed from Hampden County Superior** |
| **Plaintiff,** | **:** | **Court, Docket No. 2579-CV-00729)** |
| | **:** | |
| **v.** | **:** | **C.A. No. _____** |
| | **:** | |
| **HARBORONE MORTGAGE, LLC,** | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

_____

### NOTICE OF REMOVAL
_____

Defendant HarborOne Mortgage, LLC ("HarborOne"), by and through its counsel, Dinsmore & Shohl LLP, hereby gives notice of the removal of the case styled <u>Shannon K. Sutton v. HarborOne Mortgage, LLC.</u>, Docket No. 2579-CV-00729, currently pending in the Hampden County (MA) Superior Court (the "State Court Action"), to this Court, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446. As grounds for removal, HarborOne states as follows:

### I.       INTRODUCTION.

1.       Plaintiff Shannon K. Sutton ("Plaintiff") initiated the State Court Action on or about October 31, 2025. A copy of the complaint and accompanying civil action cover sheet filed in the State Court Action are attached hereto as **Exhibit A**.

2.       On November 4, 2025, Plaintiff attempted to serve HarborOne via certified mail, return receipt requested. Copies of those materials are attached hereto as **Exhibit B**. The return of service has not yet been filed in the State Court Action.

3.       Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the complaint, summons, and all process and pleadings which were purportedly served on HarborOne in the State

Court Action as of the undersigned date are attached hereto as **Exhibit B**.  No further proceedings have occurred in the State Court Action, and no other pleadings, process, or orders have been served in the State Court Action.

4.      This Notice of Removal is being filed within thirty (30) days after HarborOne was purportedly served and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

5.      This action is not an action made non-removable by 28 U.S.C. § 1445(c).

6.      The United States District Court for the District of Massachusetts is the District Court encompassing Hampden County, Massachusetts, where the State Court Action is pending in the Hampden County Superior Court.  Accordingly, venue is proper in this district under 28 U.S.C. §1441(a).

7.      In accordance with 28 U.S.C. §1446(d), HarborOne will promptly serve a copy of this Notice of Removal on all parties and will file a copy of the Notice of Removal with the Clerk of Courts for the Hampden County Superior Court.

**II.      FEDERAL QUESTION JURISDICTION.**

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as this is a civil action arising under the Constitution, laws, or treatises of the United States.

9.      Plaintiff's Complaint sounds in breach of contract and seeks declaratory relief premised on obligations governed by federal statutes and regulations.  The Complaint suggests that Plaintiff entered into a mortgage loan transaction, with HarborOne serving as the "[l]ender and mortgagee."  Complaint, ¶12.  Plaintiff signed a promissory note that was secured by a mortgage on real property located at 151 Gilbert Avenue, Springfield, Massachusetts.  See id. at ¶¶10-11.  Plaintiff specifically alleges that HarborOne "accelerated the Plaintiff's mortgage loan

by failing to strictly comply with the condition precent notice terms of…the Mortgage secured by real property located at 151 Gilbert Avenue, Springfield, MA" and that "HarborOne was not permitted to take such action pursuant to…the subject mortgage and regulations of the Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604." Id. at ¶¶1-2.

10.     Thus, Plaintiff's Complaint presents a federal question under the Fair Housing Act (12 U.S.C. §§1701, *et seq.*) and its implementing regulations as set forth by the United States Department of Housing and Urban Development (24 CFR § 203.604).

11.     Pursuant to 28 U.S.C. § 1331, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, this Court can properly adjudicate Plaintiff's claims.

**III.     SUPPLEMENTAL JURISDICTION.**

12.     To the extent Plaintiff's Complaint can be read to contain any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367 because any such claims derive from a common nucleus of operative fact as the respective federal claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966). All claims raised in Plaintiff's Complaint arise out of the same nucleus of facts – namely, the mortgage secured by real property located at 151 Gilbert Avenue, Springfield, Massachusetts and the applicability of and compliance with 24 CFR § 203.604 to the same. Therefore, this Court has supplemental jurisdiction over any state law claims contained in the Complaint.

IV.      **CONCLUSION.**

13.     HarborOne expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

14.     By this Notice of Removal and the associated exhibits, HarborOne does not waive any defenses or objections it may have to this action.  HarborOne reserves the right to raise all defenses and objections to Plaintiff's claims after the State Court Action is removed to this Court.

*****       *****       *****

WHEREFORE, this action is properly removed from the Hampden County Superior Court to the United States District Court for the District of Massachusetts, pursuant to applicable sections of the United States Code.  Please take notice that no further proceedings may be had in the Hampden County Superior Court.

Respectfully submitted,

HARBORONE MORTGAGE, LLC,

By Its Attorneys,

Dated: November 24, 2025

By: */s/ Trevor J. Brown*
Trevor J. Brown, Esq. (BBO #703256)
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA  02110
Telephone: (857) 305-6400
Facsimile: (857) 305-6401
trevor.brown@dinsmore.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of November 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail, and/or facsimile to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

By: */s/ Trevor J. Brown*
Trevor J. Brown, Esq.

Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, SC**                                                        **SUPERIOR COURT**

_____

SHANNON K. SUTTON )
)
*Plaintiff,* )        C.A. NO. 25CV729
)
)        COMPLAINT
vs. )
)        JURY TRIAL DEMANDED
HARBORONE MORTGAGE, LLC )
)
*Defendants.* )
_____)

## <u>INTRODUCTION</u>

1.      The Plaintiff, Shannon K. Sutton, brings this action as described in the paragraphs set forth

herein.  This complaint alleges that the Defendant, HarborOne Mortgage, LLC, wrongfully

accelerated the Plaintiff's mortgage loan by failing to strictly comply with the condition precedent

notice terms of Paragraph 24 of the Mortgage secured by real property located at 151 Gilbert

Avenue, Springfield, MA 01119, thereby rendering the acceleration of the Mortgage as well as

any fees and costs associated with default and acceleration null and void.

2.      Plaintiff also seeks a declaratory judgment that Defendant accelerated all sums due under

the subject mortgage, when the HarborOne was not permitted to take such action pursuant to

paragraph 22(d) of the subject mortgage and regulations of the Secretary of the Department of

Housing and Urban Development, codified under 24 CFR 203.604.  Plaintiff prays that this

Honorable Court declare the acceleration, attempted foreclosure and sale to be in breach of

contract, in violation of 24 CFR 203.604, enjoin Defendant from any further acceleration,

foreclosure action, rescind the foreclosure and sale, return the Plaintiff to their status prior to the

wrongful foreclosure and sale, and award money damages to the Plaintiff

3.      The Plaintiff prays that this Honorable Court find that the Defendants breached the terms of the Mortgage and further find said acceleration and associated fees and costs are invalid and void.   Further said Plaintiff asks that this Court find that any foreclosure sale conducted by the Defendants and foreclosure deed granted subsequent to the invalid default notices be declared null and void regardless of whether or not said invalid foreclosure deed was recorded.   Plaintiff asks that this Honorable Court declare that any such default notice sent to the Plaintiff as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made to the Plaintiff subsequent to such void default notice be null and void, enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject property and declare any foreclosure deed null and void.   Plaintiff also seeks declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendant's wrongful acts.

## JURISDICTION AND VENUE

4.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

5.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

## PARTIES

5.      Plaintiff, Shannon K. Sutton, are a citizen of Massachusetts and the owner of the subject property located at 151 Gilbert Avenue, Springfield, MA 01119.

6.      Defendant, HarborOne Mortgage, LLC is a residential mortgage company, located at 650 Elm Street, Suite 600, Manchester, NH 03101.  Plaintiff hereby challenge the validity all erroneous

and potentially deceptive and misleading default/ right to cure notices sent by HarborOne Mortgage, LLC as described in this Complaint and all resulting accelerations, foreclosures initiated and conducted subsequent to such notice.

## GENERAL FACTS AND RELEVANT BACKGROUND

7.    All FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 22(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

8.    At issue in this action is a Regulation codified in 24 CFR 203.604 which states that a mortgagee must have a meeting with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.  24 CFR 203.604 further states that a meeting is not required if: (i)The mortgagor has clearly indicated that they will not cooperate in the meeting;  (ii) The mortgagor is on a repayment plan to bring the mortgage current, and the mortgagor is meeting the terms of the repayment plan; or (iii) A reasonable effort to arrange a meeting with the mortgagor is unsuccessful.

9.    24 CFR 203.604 **additionally states that** "A reasonable effort to arrange a meeting with the mortgagor shall consist of, at a minimum, two verifiable attempts to contact the mortgagor utilizing methods determined by the Secretary".

## <u>ALLEGATIONS OF THE PLAINTIFF</u>

10.    Plaintiff, Shannon K. Sutton, reside at and are the owners of real property located 151 Gilbert Avenue, Springfield, MA 01119, which is the subject property as referenced herein.

11.     On April 28, 2021, the subject property was granted to Plaintiff Sutton. The Deed evidencing transfer of the ownership of the subject property was recorded in the Hampden Registry of Deeds in Book 23855 at Page 201 on April 30, 2021.

12.     On April 28, 2021, Plaintiff Sutton was granted an FHA Mortgage loan, secured by the subject property, in the amount of $104,080.00, which was recorded in the Hampden Registry of Deeds in Book 23855 at Page 203 on April 30, 2021. (the Sutton Mortgage) The Mortgage identified HarborOne Mortgage, LLC as the Lender and mortgagee.

13.     Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a meeting with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting

14.     Plaintiff alleges that the acceleration, foreclosure, and sale are in breach of the Sutton Mortgage contract at paragraph 22(d) and violation of 24 CFR 203.604 which states that a mortgagee must have a meeting with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

15.     Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a meeting with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting.

16.     HarborOne's acceleration of the debt, foreclosure, and purported mortgagee's sale were in breach of the mortgage contract at paragraph 22(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a meeting with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

17.    Plaintiff herein seek a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that HarborOne is in breach of contract at paragraph 22(d) and in violation of 24 CFR 203.604(b).

18.    Plaintiff is entitled to Orders enjoining the Defendant HarborOne from acceleration, foreclosure, sale, conveyance and/or eviction/ possession of the subject property pending a determination by this Court verifying the validity of Plaintiff claims, rescinding the acceleration, any foreclosure and sale and returning the Plaintiff to their status prior to the wrongful acceleration, foreclosure and sale, and that HarborOne pay actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief in amounts to be determined at trial.

19.    Additionally, the Sutton Mortgage states at Paragraph 24 as follows:

"24. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

20.    Paragraph 14 of the Sutton Mortgage entitled "Notices" additionally states that "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been ***given*** to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means" (emphasis added).

21.    Paragraph 13 of the Sutton Mortgage entitled "Loan Charges" furthermore states in pertinent part that "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law" and explains that "If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

22.    The Plaintiffs allege that the Defendants failed to send and that they failed to receive any notice of default/acceleration pursuant to Paragraphs 15 and 24 of the Mortgage prior to acceleration.

23.    Plaintiff further alleges that any notice sent purporting to state compliance with paragraph 22 of the Sutton Mortgage failed to contain the required information as described in the Mortgage and or contained additional information that was not in strict compliance with said paragraph.

24.    As such, the Defendant failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contracts and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising any power of sale, rendering any acceleration, foreclosure, and sale void.

25.     On January 3, 2022, Defendants caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiffs for the purpose of initiating foreclosure action against Plaintiffs. The action was assigned case # 22SM000004.

26.     On January 3, 2022, Defendants filed in the Land Court Case a Notice that appears to be a "hybrid" form default/ right to cure Notice dated "08/12/2021" purporting to comply with M.G.L c. 244 §35A and Paragraph 24 of the Sutton Mortgage.

27.     On February 28, 2025 the Plaintiff effectively cured the default. articulated in the "hybrid" form default/ right to cure Notice dated "08/12/2021" via a modification of the Mortgage that made her current as of March 1, 2025.

28.     The Plaintiff was entitled to a §35A notice and right to cure only once during any five-year period.  See G.L. c. 244 §35A(a).

29.     On September 26, 2025, Defendants caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiff for the purpose of initiating foreclosure action against Plaintiff. The action was assigned case # 25SM002915.

30.     On September 26, 2025, Defendants filed in the Land Court Case a Notice that also appears to be a "hybrid" form default/ right to cure Notice dated "April 10, 2025" purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Sutton Mortgage.

31.     Since the Plaintiff was only entitled to a §35A notice and right to cure only once during any five-year period the provisions of M.G.L c. 244 §35A do not apply to the Notice dated "April

10, 2025". See <u>Carini v. Bristol County Savings Bank</u>, 103 Mass. App. Ct. 904 (2024); <u>Bank of N.Y Mellon v. Morin</u>, 96 Mass. App. Ct. 503, 508 (2019).

32.    The Notice dated "April 10, 2025" states that "After (the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place . . . to avoid foreclosure" and further that the Plaintiff has "the right to reinstate the loan after acceleration".

33.    The above statement in paragraph 32 presents an affirmative misstatement in the Notice dated "April 10, 2025" because Paragraph 18 of the Mortgage omits the Plaintiffs right to reinstate by stating that "Lender is not required to reinstate if (i) lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceedings."

34.    Since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Plaintiffs' right to reinstate does not exist in accordance with Paragraph 18 of the mortgage.  Therefore, the default/ right to cure letter's assertion that the Plaintiff could pay the "total past due amount before a foreclosure sale take place…to avoid foreclosure" and that the Plaintiff has a "right to reinstate the loan after acceleration" are in direct contradiction with Paragraph 18 of the mortgage and is a misleading and incorrect statement.

35.    As such, the Defendant failed to provide the Plaintiff a Notice of Default in strict compliance with the terms of the Mortgage prior to acceleration and failed to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

## COUNT I
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

36.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

37.    As described above, the mortgage contract entered into by Plaintiff constitutes a valid offer.

38.    Upon Plaintiff executing the mortgage contracts and giving it to their Lender, the Lender accepted that offer.

39.    Alternatively, Plaintiff execution of the mortgage contract thereby giving a security interest in their property to their Lender constitutes offers.  Acceptance of this offer occurred when Defendants accepted payments made by Plaintiff pursuant to the mortgage contract.

40.    The mortgage contracts were supported by consideration.  Plaintiff's payments to Defendant constitutes consideration.

41.    Plaintiff and Defendants thereby formed a valid contract and Plaintiff were, are, and remain ready willing and able to perform under said contracts.

42.    Defendants breached the mortgage contract of Plaintiff by failing to keep its obligations to strictly comply with the terms of the mortgage.

43.    In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

44.    In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

45.    In Massachusetts, the power to accelerate and sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of the terms of the mortgage is an obligation of the mortgagee. Failure to make a reasonble effort to arrange a meeting with the

borrower prior to 3 months of the mortgage being late and failure to send a strictly compliant

Notice of Default pursuant to the terms of the Mortgage as noted herein is a breach of mortgage

contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

46.    No default letter was sent to Plaintiff pursuant to the terms of the mortgage. As such the

Defendants could not accelerate and exercise the statutory power of sale on their property.

47.    Pursuant to the terms of the Mortgage strictly compliant Notice of Default is a condition

precedent to acceleration and the exercise of the statutory power of sale.

48.    Plaintiff thus never received a strictly complaint default acceleration notice pursuant to the

terms of their Mortgages.

49.    Due to this failure to strictly comply with the terms of the Mortgages, no entity was

contractually authorized to accelerate or exercise the statutory power of sale, foreclose, and sell

the subject property at mortgagee's foreclosure sale.

50.    As a result of the above noted improper acceleration, Plaintiff's mortgage loan account was

charged fees, costs and expenses and other charges which were reflected in their monthly mortgage

statements.

51.    The Plaintiff has incurred damages in hiring attorneys, in regard to the improper actions of

Defendants in accelerating the Mortgage and seeking to accelerate and conduct a foreclosure sale

without first complying with the terms of the mortgages in violation of G. L. c. 183, § 21 and in

breach of their contract.

52.    Plaintiff has also incurred emotional injuries and damages due to the improper acceleration

of their Mortgage without Defendants first complying with the terms of the mortgages and breach

of contracts.

53. Plaintiff has suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property, higher principal balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to their account, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

54. The Defendant's breach of contracts and failure to comply with terms of the mortgages as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make her mortgage payments.

55. Plaintiff would not have suffered the harms as noted herein were it not for the Defendant's breach of the mortgage contract as noted herein.

56. The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject properties are in breach of contract and all void.

57. The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in her property.

58. The Plaintiff is entitled to cancellation costs and fees assessed to her for wrongful acceleration, foreclosure, together with additional damages.

59. The Plaintiff is entitled to be returned to her status and circumstances prior to any wrongful acceleration, foreclosure and sale.

60. The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: October 30, 2025

Respectfully Submitted,
Plaintiff,
By her Attorney,

_/s/ Todd S. Dion_____
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com

## VERIFICATION OF COMPLAINT

We, Shannon K. Sutton, Plaintiff in the above-captioned action, hereby depose and state that we have read and subscribed to the foregoing compliant, and the facts set forth therein are based on our own personal knowledge and are true and correct.

Signed under the penalties of perjury on April 15, 2025

/s/ Shannon K. Sutton

Shannon K. Sutton

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>25CV729 | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | **COUNTY** Hampden Superior Court (Springfield) |

| Plaintiff | Shannon K. Sutton | Defendant | HarborOne Mortgage, LLC |
|---|---|---|---|
| ADDRESS: | 151 Gilbert Avenue, Springfield, MA 01119 | ADDRESS: | 650 Elm Street, Suite 600, Manchester, NH 03101 |
| | | | |
| | | | |

| Plaintiff Attorney: | Todd S Dion | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | 15 Cottage Avenue, Ste. 202, Quincy, MA 02169 | ADDRESS: | |
| | | | |
| | | | |
| BBO: | 659109 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| C99 | Wrongful acceleration/foreclosure of mortgage | | ☐ YES  ☒ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES  ☒ NO | ☐ YES  ☒ NO |

#### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

#### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

**10/31/2025**

          Subtotal (1-5): _____ $0.00

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)

          TOTAL (A-F): _____ $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

#### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Wrongful acceleration/ foreclosure of mortgage | $500,000.00 |
| | Total | $500,000.00 |

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ Todd S Dion | Date: | October 31, 2025 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

#### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/ Todd S Dion | Date: | October 31, 2025 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (A) |
| PE1 Administrative Action involving an Incarcerated Party | (A) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

# Exhibit B

## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, SC**                                                **SUPERIOR COURT**

| | |
|---|---|
| SHANNON K. SUTTON ) | C.A. NO. 25CV729 |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | JURY TRIAL DEMANDED |
| HARBORONE MORTGAGE, LLC ) | |
| *Defendants.* ) | |

### INTRODUCTION

1.    The Plaintiff, Shannon K. Sutton, brings this action as described in the paragraphs set forth herein.  This complaint alleges that the Defendant, HarborOne Mortgage, LLC, wrongfully accelerated the Plaintiff's mortgage loan by failing to strictly comply with the condition precedent notice terms of Paragraph 24 of the Mortgage secured by real property located at 151 Gilbert Avenue, Springfield, MA 01119, thereby rendering the acceleration of the Mortgage as well as any fees and costs associated with default and acceleration null and void.

2.    Plaintiff also seeks a declaratory judgment that Defendant accelerated all sums due under the subject mortgage, when the HarborOne was not permitted to take such action pursuant to paragraph 22(d) of the subject mortgage and regulations of the Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604.  Plaintiff prays that this Honorable Court declare the acceleration, attempted foreclosure and sale to be in breach of contract, in violation of 24 CFR 203.604, enjoin Defendant from any further acceleration, foreclosure action, rescind the foreclosure and sale, return the Plaintiff to their status prior to the wrongful foreclosure and sale, and award money damages to the Plaintiff

3.      The Plaintiff prays that this Honorable Court find that the Defendants breached the terms of the Mortgage and further find said acceleration and associated fees and costs are invalid and void.   Further said Plaintiff asks that this Court find that any foreclosure sale conducted by the Defendants and foreclosure deed granted subsequent to the invalid default notices be declared null and void regardless of whether or not said invalid foreclosure deed was recorded.  Plaintiff asks that this Honorable Court declare that any such default notice sent to the Plaintiff as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made to the Plaintiff subsequent to such void default notice be null and void, enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject property and declare any foreclosure deed null and void.  Plaintiff also seeks declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendant's wrongful acts.

## JURISDICTION AND VENUE

4.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

5.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

## <u>PARTIES</u>

5.      Plaintiff, Shannon K. Sutton, are a citizen of Massachusetts and the owner of the subject property located at 151 Gilbert Avenue, Springfield, MA 01119.

6.      Defendant, HarborOne Mortgage, LLC is a residential mortgage company, located at 650 Elm Street, Suite 600, Manchester, NH 03101.  Plaintiff hereby challenge the validity all erroneous

and potentially deceptive and misleading default/ right to cure notices sent by HarborOne Mortgage, LLC as described in this Complaint and all resulting accelerations, foreclosures initiated and conducted subsequent to such notice.

## GENERAL FACTS AND RELEVANT BACKGROUND

7.     All FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 22(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

8.     At issue in this action is a Regulation codified in 24 CFR 203.604 which states that a mortgagee must have a meeting with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.  24 CFR 203.604 further states that a meeting is not required if: (i)The mortgagor has clearly indicated that they will not cooperate in the meeting;  (ii) The mortgagor is on a repayment plan to bring the mortgage current, and the mortgagor is meeting the terms of the repayment plan; or (iii) A reasonable effort to arrange a meeting with the mortgagor is unsuccessful.

9.     24 CFR 203.604 **additionally states that** "A reasonable effort to arrange a meeting with the mortgagor shall consist of, at a minimum, two verifiable attempts to contact the mortgagor utilizing methods determined by the Secretary".

## ALLEGATIONS OF THE PLAINTIFF

10.     Plaintiff, Shannon K. Sutton, reside at and are the owners of real property located 151 Gilbert Avenue, Springfield, MA 01119, which is the subject property as referenced herein.

11.    On April 28, 2021, the subject property was granted to Plaintiff Sutton. The Deed evidencing transfer of the ownership of the subject property was recorded in the Hampden Registry of Deeds in Book 23855 at Page 201 on April 30, 2021.

12.    On April 28, 2021, Plaintiff Sutton was granted an FHA Mortgage loan, secured by the subject property, in the amount of $104,080.00, which was recorded in the Hampden Registry of Deeds in Book 23855 at Page 203 on April 30, 2021. (the Sutton Mortgage) The Mortgage identified HarborOne Mortgage, LLC as the Lender and mortgagee.

13.    Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a meeting with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting

14.    Plaintiff alleges that the acceleration, foreclosure, and sale are in breach of the Sutton Mortgage contract at paragraph 22(d) and violation of 24 CFR 203.604 which states that a mortgagee must have a meeting with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

15.    Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a meeting with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting.

16.    HarborOne's acceleration of the debt, foreclosure, and purported mortgagee's sale were in breach of the mortgage contract at paragraph 22(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a meeting with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

17.    Plaintiff herein seek a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that HarborOne is in breach of contract at paragraph 22(d) and in violation of 24 CFR 203.604(b).

18.    Plaintiff is entitled to Orders enjoining the Defendant HarborOne from acceleration, foreclosure, sale, conveyance and/or eviction/ possession of the subject property pending a determination by this Court verifying the validity of Plaintiff claims, rescinding the acceleration, any foreclosure and sale and returning the Plaintiff to their status prior to the wrongful acceleration, foreclosure and sale, and that HarborOne pay actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief in amounts to be determined at trial.

19.    Additionally, the Sutton Mortgage states at Paragraph 24 as follows:

"24. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by

this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

20.     Paragraph 14 of the Sutton Mortgage entitled "Notices" additionally states that "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been ***given*** to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means" (emphasis added).

21.     Paragraph 13 of the Sutton Mortgage entitled "Loan Charges" furthermore states in pertinent part that "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law" and explains that "If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

22.     The Plaintiffs allege that the Defendants failed to send and that they failed to receive any notice of default/acceleration pursuant to Paragraphs 15 and 24 of the Mortgage prior to acceleration.

23.     Plaintiff further alleges that any notice sent purporting to state compliance with paragraph 22 of the Sutton Mortgage failed to contain the required information as described in the Mortgage and or contained additional information that was not in strict compliance with said paragraph.

24.     As such, the Defendant failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contracts and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising any power of sale, rendering any acceleration, foreclosure, and sale void.

25.     On January 3, 2022, Defendants caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiffs for the purpose of initiating foreclosure action against Plaintiffs. The action was assigned case # 22SM000004.

26.     On January 3, 2022, Defendants filed in the Land Court Case a Notice that appears to be a "hybrid" form default/ right to cure Notice dated "08/12/2021" purporting to comply with M.G.L c. 244 §35A and Paragraph 24 of the Sutton Mortgage.

27.     On February 28, 2025 the Plaintiff effectively cured the default. articulated in the "hybrid" form default/ right to cure Notice dated "08/12/2021" via a modification of the Mortgage that made her current as of March 1, 2025.

28.     The Plaintiff was entitled to a §35A notice and right to cure only once during any five-year period.  See G.L. c. 244 §35A(a).

29.     On September 26, 2025, Defendants caused to be filed a Complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiff for the purpose of initiating foreclosure action against Plaintiff. The action was assigned case # 25SM002915.

30.     On September 26, 2025, Defendants filed in the Land Court Case a Notice that also appears to be a "hybrid" form default/ right to cure Notice dated "April 10, 2025" purporting to comply with M.G.L c. 244 §35A and Paragraph 22 of the Sutton Mortgage.

31.     Since the Plaintiff was only entitled to a §35A notice and right to cure only once during any five-year period the provisions of M.G.L c. 244 §35A do not apply to the Notice dated "April

10, 2025". See <u>Carini v. Bristol County Savings Bank</u>, 103 Mass. App. Ct. 904 (2024); <u>Bank of N.Y Mellon v. Morin</u>, 96 Mass. App. Ct. 503, 508 (2019).

32.    The Notice dated "April 10, 2025" states that "After (the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place . . . to avoid foreclosure" and further that the Plaintiff has "the right to reinstate the loan after acceleration".

33.    The above statement in paragraph 32 presents an affirmative misstatement in the Notice dated "April 10, 2025" because Paragraph 18 of the Mortgage omits the Plaintiffs right to reinstate by stating that "Lender is not required to reinstate if (i) lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceedings."

34.    Since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Plaintiffs' right to reinstate does not exist in accordance with Paragraph 18 of the mortgage.  Therefore, the default/ right to cure letter's assertion that the Plaintiff could pay the "total past due amount before a foreclosure sale take place…to avoid foreclosure" and that the Plaintiff has a "right to reinstate the loan after acceleration" are in direct contradiction with Paragraph 18 of the mortgage and is a misleading and incorrect statement.

35.    As such, the Defendant failed to provide the Plaintiff a Notice of Default in strict compliance with the terms of the Mortgage prior to acceleration and failed to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

## <u>COUNT I</u>
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

36.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

37.     As described above, the mortgage contract entered into by Plaintiff constitutes a valid offer.

38.     Upon Plaintiff executing the mortgage contracts and giving it to their Lender, the Lender accepted that offer.

39.     Alternatively, Plaintiff execution of the mortgage contract thereby giving a security interest in their property to their Lender constitutes offers.  Acceptance of this offer occurred when Defendants accepted payments made by Plaintiff pursuant to the mortgage contract.

40.     The mortgage contracts were supported by consideration.  Plaintiff's payments to Defendant constitutes consideration.

41.     Plaintiff and Defendants thereby formed a valid contract and Plaintiff were, are, and remain ready willing and able to perform under said contracts.

42.     Defendants breached the mortgage contract of Plaintiff by failing to keep its obligations to strictly comply with the terms of the mortgage.

43.      In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

44.      In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

45.      In Massachusetts, the power to accelerate and sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of the terms of the mortgage is an obligation of the mortgagee. Failure to make a reasonble effort to arrange a meeting with the

borrower prior to 3 months of the mortgage being late and failure to send a strictly compliant Notice of Default pursuant to the terms of the Mortgage as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

46.     No default letter was sent to Plaintiff pursuant to the terms of the mortgage. As such the Defendants could not accelerate and exercise the statutory power of sale on their property.

47.     Pursuant to the terms of the Mortgage strictly compliant Notice of Default is a condition precedent to acceleration and the exercise of the statutory power of sale.

48.     Plaintiff thus never received a strictly complaint default acceleration notice pursuant to the terms of their Mortgages.

49.     Due to this failure to strictly comply with the terms of the Mortgages, no entity was contractually authorized to accelerate or exercise the statutory power of sale, foreclose, and sell the subject property at mortgagee's foreclosure sale.

50.     As a result of the above noted improper acceleration, Plaintiff's mortgage loan account was charged fees, costs and expenses and other charges which were reflected in their monthly mortgage statements.

51.     The Plaintiff has incurred damages in hiring attorneys, in regard to the improper actions of Defendants in accelerating the Mortgage and seeking to accelerate and conduct a foreclosure sale without first complying with the terms of the mortgages in violation of G. L. c. 183, § 21 and in breach of their contract.

52.     Plaintiff has also incurred emotional injuries and damages due to the improper acceleration of their Mortgage without Defendants first complying with the terms of the mortgages and breach of contracts.

53.    Plaintiff has suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property, higher principal balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to their account, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

54.    The Defendant's breach of contracts and failure to comply with terms of the mortgages as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make her mortgage payments.

55.    Plaintiff would not have suffered the harms as noted herein were it not for the Defendant's breach of the mortgage contract as noted herein.

56.    The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject properties are in breach of contract and all void.

57.    The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in her property.

58.    The Plaintiff is entitled to cancellation costs and fees assessed to her for wrongful acceleration, foreclosure, together with additional damages.

59.    The Plaintiff is entitled to be returned to her status and circumstances prior to any wrongful acceleration, foreclosure and sale.

60.    The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: October 30, 2025

Respectfully Submitted,
Plaintiff,
By her Attorney,

 /s/ Todd S. Dion
Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-270-2202 Fax
toddsdion@msn.com

## VERIFICATION OF COMPLAINT

We, Shannon K. Sutton, Plaintiff in the above-captioned action, hereby depose and state

that we have read and subscribed to the foregoing compliant, and the facts set forth therein are

based on our own personal knowledge and are true and correct.

Signed under the penalties of perjury on April 15, 2025

/s/ Shannon K. Sutton

Shannon K. Sutton

12

| | | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|---|
| **Summons** | | 25   739 | **The Superior Court** |

| CASE NAME: | | Laura S. Gentile | Clerk of Courts |
|---|---|---|---|
| *Shannon K Sutton* | | Hampden | County |
| | Plaintiff(s) | COURT NAME & ADDRESS: | |
| vs. | | Hampden Superior Court | |
| *Harborone Mortgage, LLC* | | Roderick L. Ireland Courthouse | |
| | | 50 State Street | |
| | Defendant(s) | Springfield, MA 01103 | |

THIS SUMMONS IS DIRECTED TO _Harborone Mortgage_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the **Hampden Superior** Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, **Hampden Superior** Court **P.O. Box 559, Springfield, MA 01102** (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
_15 Cottage Ave. ste. 202. Quincy, MA 02169_

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Michael D. Ricciuti_ Chief Justice on _____ , 20 ____ . (Seal)

Clerk _____

**Note:** The docket number assigned to the Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

| PROOF OF SERVICE OF PROCESS |
| --- |

I hereby certify that on _11/4/25_ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_certified mail / return receipt_

Dated: _11/4/25_          Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2023