UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON K. SUTTON,<br>    Plaintiff,<br><br>v.<br><br>HARBORONE MORTGAGE, LLC,<br>    Defendant. | :<br>:<br>:<br>:<br>: C.A. No. 3:25-cv-13553-MGM<br>:<br>:<br>:<br>: |

___

**HARBORONE MORTGAGE, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
___

Defendant HarborOne Mortgage ("HarborOne"), by and through its counsel, Dinsmore & Shohl LLP, hereby submits this memorandum of law in support of its motion to dismiss the Complaint filed by Plaintiff Shannon K. Sutton pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### I.    INTRODUCTION.

Plaintiff has brought suit against HarborOne seeking declaratory relief and alleging breach of contract in connection with a mortgage loan on real property located at 151 Gilbert Avenue, Springfield, Massachusetts. Plaintiff is the mortgagor and record owner of that property; HarborOne is the mortgagee and lender. Generally, Plaintiff alleges that HarborOne accelerated the mortgage in violation of the notice terms set forth in the mortgage and contrary to 24 CFR § 203.604(b), which requires that HarborOne hold or make reasonable efforts to hold a meeting with Plaintiff before three months of mortgage payments go unpaid.

Plaintiff's claims fail for multiple, independent reasons. First, Plaintiff's request for a declaratory judgment that the "acceleration, attempted foreclosure and sale" of the property is "in

breach of contract" and in violation of 24 CFR 203.604 is improper as it is an abstract, hypothetical request not grounded on well-pled facts. Indeed, the Complaint contains no allegations that any foreclosure auction has occurred. Second, the undisputed facts make clear that: (1) the notice of default issued to Plaintiff complied with the mortgage terms; and (2) HarborOne complied with 24 CFR 203.604 when its loan servicer sent certified letters to Plaintiff informing her of her right to a meeting and requesting she contact the servicer to arrange the same. Simply put, HarborOne fully complied with the requirements of the law and did not breach the mortgage.

Accordingly, and for the reasons stated herein, Plaintiff has not and cannot state a claim upon which relief can be granted, such that the Court should dismiss her Complaint with prejudice.

## II. PERTINENT FACTS.[1]

This matter concerns a mortgage that Plaintiff defaulted on. Specifically, on or about April 28, 2021, Plaintiff entered into a mortgage loan transaction. Complaint, ¶¶11-12; see also Mortgage and Note, attached as **Exhibit A**. Plaintiff signed a promissory note in the original principal amount of $104,080.00 (the "Note"). Id. The note was secured through a mortgage (the "Mortgage") on real property located at 151 Gilbert Avenue, Springfield, Massachusetts 01119 (the "Property"). Id. The Note and Mortgage are together referred to as the "Loan." Plaintiff alleges that Loan is a Federal Housing Administration mortgage loan. Complaint, ¶12. The Mortgage was given by Plaintiff to Mortgage Electronic Registration Systems, Inc. as nominee for HarborOne and was recorded in the Hampden County Registry of Deeds on or about April 30, 2021. Complaint, ¶¶11-12; **Exhibits A**. Plaintiff further alleges that HarborOne is the lender and

---

[1] The Court can consider the Mortgage, Note, 24 CFR 203.604 letters, and Notice as the documents are central to Plaintiff's claims. Moreover, the Notice was filed with the Massachusetts Land Court and is a publicly available court record. Wilborn v. Walsh, 584 F. Supp. 2d 384, 386 (D. Mass. 2008) ("documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint" can be considered when assessing a motion to dismiss) (quoting Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); see also Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").

mortgagee on the Loan.  Complaint, ¶12.  LoanCare, LLC is a loan servicer (within the meaning of 209 C.M.R. 18.02) for HarborOne with respect to the Mortgage.

Plaintiff failed to make the payment required under the Mortgage due on October 1, 2024. On November 20, 2024, LoanCare, as HarborOne's servicer, sent Plaintiff a letter via United States Postal Service ("USPS") certified mail stating that Plaintiff was past due on her Mortgage and informing her that she was entitled to a meeting and requesting that Plaintiff contact LoanCare to discuss the same, consistent with 24 CFR 203.604.  See Correspondence from Loan Care to Plaintiff, attached as **Exhibit B**.  On December 2, 2024, LoanCare sent Plaintiff a second letter reflecting the same.  Id.

On September 26, 2025, HarborOne filed a complaint in the Massachusetts Land Court pursuant to the Servicemembers Relief Act, 50 U.S.C. c. 50 § 3901 *et seq.*, to determine the servicemember status of Plaintiff in order to initiate a foreclosure action with respect to the Property.  Complaint, ¶29.  Contemporaneous with that filing, HarborOne filed a copy of the 90 day right to cure default letter sent to Plaintiff, via USPS certified mail, dated April 10, 2025 (the "Notice").  Id. ¶30; see also **Exhibit C**.  Plaintiff does not allege that any foreclosure sale of the Property has yet occurred.

On or about October 31, 2025, Plaintiff filed the instant lawsuit against HarborOne in the Hampden County Superior Court.  On November 24, 2025, HarborOne timely removed this matter to this Court.  This pleading follows.

**III.     STANDARD OF REVIEW.**

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's complaint must allege "a plausible entitlement to relief" on its face.  ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)); see also Sepúlveda-Villarini v. Dep't of Educ. of Puerto

-3-

Rico, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully; where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 557).

A complaint that provides "naked assertion[s]" devoid of "further factual enhancement," will not suffice; likewise, a complaint that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (citing Twombly, 550 U.S. at 555, 557). Moreover, the court is not required to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterization, optimistic predictions, or problematic suppositions." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993) (internal quotations omitted)). Thus, while the court will accept all well-pled facts as true and will give the plaintiff the benefit of all reasonable inferences, a complaint is properly dismissed when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See, e.g., Palmer v. Champion Mortgage, 465 F.3d 24, 27 (1st Cir. 2006); Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

**IV.     ARGUMENT.**

The Complaint should be dismissed because it is premature and factually inaccurate based on Plaintiff's own allegations.

First, Plaintiff requests a declaratory judgment on multiple points. However, there is no basis for an award of declaratory relief where Plaintiff's request is based on abstract hypotheticals rather than well-pled facts.

Second, sole cause of action contained in the Complaint – "breach of contract and failure to comply with conditions precedent to exercise the statutory power of sale" – is undercut by Plaintiff's own assertions. Complaint, p. 9. The crux of Plaintiff's allegations is that HarborOne breached the Mortgage by failing to send a notice that was compliant with Paragraph 24 of the Mortgage and M.G.L. c. 244, §35A, and that HarborOne did not hold a meeting with Plaintiff as required under Paragraph 22 of the Mortgage and 24 CFR 203.604. However, the Notice is clear, accurate, and compliant with the terms of the Mortgage and pre-foreclosure statutes on its face. Moreover, HarborOne made efforts to meet with Plaintiff before three monthly installments due on the Mortgage were unpaid as required by 24 CFR 203.604(a)(3), as evidenced by letters sent on November 20, 2024 and December 2, 2024. The undisputed facts establish that HarborOne has not breached the Mortgage and has complied with all legal requirements to Plaintiff, including compliance with M.G.L. c. 244, §35A and 24 CFR 203.604, such that the Complaint should be dismissed.

### A. Plaintiff is Not Entitled to Declaratory Relief.

While not contained in a formal count, the Complaint seeks a declaratory judgment premised on multiple points. See Complaint, ¶¶2-3. Each of those points fail as a matter of law, as there is no real controversy for which declaratory relief can issue.

Massachusetts law is well established that a "substantial controversy…of sufficient immediacy and reality" must exist for declaratory judgment to issue. Nat'l Ass'n of Consumer Advocates v. Uejio, 521 F. Supp. 3d 130, 148 (D. Mass. 2021) (quotations omitted). As such, "[d]eclaratory relief is reserved for real controversies and is not a vehicle for resolving abstract,

hypothetical, or otherwise moot questions." Wells Fargo Fin. Massachusetts, Inc. v. Mulvey, 93 Mass. App. Ct. 768, 771 (2018).[2]

Here, the Complaint requests the Court "declare the acceleration, attempted foreclosure and sale [of the Property] to be in breach of contract, in violation of 24 CFR 203.604, enjoin [HarborOne] from any further acceleration, foreclosure action, rescind the foreclosure and sale, [and to] return the Plaintiff to their status prior to the wrongful foreclosure and sale…" Complaint, ¶2. In addition, Plaintiff requests the Court "find that any foreclosure sale conducted by [HarborOne] and foreclosure deed granted subsequent to the invalid default notices be declared null and void" and that HarborOne be "enjoin[ed]…from conducting any foreclosure auction or conveyance of the subject property and declare any foreclosure deed null and void." Id. at ¶3.

As a matter of law, however, declaratory judgment should not issue, such that dismissal is proper. First, as detailed Section B(i), *infra*, HarborOne's Notice complied with the terms of the Mortgage and M.G.L. c. 244, §35A(a). HarborOne also complied with the terms of the Mortgage and 24 CFR 203.604 when its servicer sent certified letters to Plaintiff informing her of her right to a meeting and requesting that she contact the servicer to arrange the same. See Section B(ii), *infra*. Accordingly, no breach of contract claim can lie. Second, Plaintiff's request for declaratory relief related to the acceleration, foreclosure, and sale of the Property are entirely unsupported. The Complaint does not contain any allegations that any foreclosure auction occurred, is scheduled to occur, or that a foreclosure deed exists. In the absence of any allegations – let alone well-pled facts – Plaintiff's allegations amount to little more than unsubstantiated hypotheticals which are not appropriate for declaratory judgment. See Wells Fargo Fin. Massachusetts, Inc., 93 Mass.

---

[2] Furthermore, Plaintiff's request for declaratory relief is barred by the doctrine of unclean hands. Given that one "who comes into equity must come with clean hands," the doctrine recognizes that "[t]he doors of equity are thus closed to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief…" Spinosa v. Tufts, 98 Mass. App. Ct. 1, 6-7 (2020) (quotations omitted). Plaintiff has not alleged that she was current on her Mortgage obligations, such that she cannot simultaneously seek equitable relief.

App. Ct. at 771. Plaintiff's requests simply miss the mark: based on the allegations set forth in the Complaint, there is no justiciable controversy related to foreclosure, such that dismissal is appropriate.

### B. HarborOne Has Not Breached the Mortgage.

Non-judicial foreclosures are permitted under Massachusetts law. See M.G.L. c. 244, § 14. In order to complete a non-judicial foreclosure, a mortgagee must comply with the statutory provisions for foreclosure, M.G.L. c. 244, §§ 11-17C, and with the terms of the Mortgage. See, e.g., M.G.L. c. 183, § 21; U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass 421, 432 (2014). As part of that process, a mortgagee must strictly comply with paragraph 24 of the standard mortgage's notice to cure requirement, advising the mortgagor of their rights to cure the default and to bring a court action. Pinti v. Emigrant Mortg. Co., 472 Mass 226, 227 (2015).

Plaintiff claims that HarborOne breached the Mortgage by failing to send a notice that was compliant with Paragraph 24 of the Mortgage and M.G.L. c. 244, §35A, and that HarborOne violated Paragraph 22 of the Mortgage by failing to hold a meeting with Plaintiff as required under 24 CFR 203.604. These arguments fail as a matter of law. The Complaint recognizes that the Notice was sent to Plaintiff. Complaint, ¶30; **Exhibit C**. The Notice strictly complies with Paragraph 22 of the Mortgage and M.G.L. c. 244, §35A. Furthermore, HarborOne complied with Paragraph 24 of the Mortgage and 24 CFR 203.604 in attempting to arrange a meeting with Plaintiff.

### i. The Notice of Default Complied with Paragraph 24 of the Mortgage and with M.G.L. c. 244, §35A(a).

Plaintiff's Complaint makes a passing reference to Paragraph 24 of the Mortgage, alleging that HarborOne "wrongfully accelerated the Plaintiff's mortgage loan by failing to strictly comply with the condition precedent notice terms of Paragraph 24 of the Mortgage…" before quoting a portion of Paragraph 24 in the text of the Complaint. See Complaint, ¶¶1, 19. Plaintiff does not,

-7-

however, provide any argument as to how HarborOne allegedly failed to strictly comply with Paragraph 24 of the Mortgage beyond stating that HarborOne "failed to send and that [Plaintiff] failed to receive any notice of default/acceleration pursuant to Paragraphs 15 and 24 of the Mortgage prior to acceleration." Complaint, ¶22.[3]

First, this argument fails by the language of Plaintiff's own Complaint, where she recognizes that the Notice was filed with the Massachusetts Land Court in an action to determine Plaintiff's status under the Servicemembers Relief Act, 50 U.S.C. c. 50, §3901, et seq. Id. at ¶¶29-30. A copy of that Notice, sent to Plaintiff via USPS certified mail, is attached hereto at **Exhibit C**. Under M.G.L. c. 244, §35A(b), notice under that chapter shall be "deemed to be delivered to the mortgagor… when sent by first class mail and certified mail or similar service by a private carrier to the mortgagor at the mortgagor's address last known to the mortgagee or anyone holding thereunder." Any argument by Plaintiff that she failed to receive the Notice is undercut by the plain language of the statute and the Notice, which was sent to Plaintiff via USPS certified mail.

Second, Plaintiff includes a boilerplate assertion that "any notice sent purporting to state compliance with paragraph 22 of the Sutton Mortgage failed to contain the required information as described in the Mortgage and or contained additional information that was not in strict compliance with said paragraph." Complaint, ¶23. (The citations to Paragraph 22 appear to be scrivener's errors, as Paragraph 22 concerns grounds for acceleration of debt, while Paragraph 24 provides the requirements for a Notice prior to acceleration. See **Exhibit A**.) While the Court need not credit this legal conclusion unsupported by well-pled facts,[4] the fact remains that the

---

[3] Plaintiff's citation to Paragraph 15 of the Mortgage appears to be a scrivener's error, as it speaks to governing law and rules of construction. See Mortgage, attached at **Exhibit A**. That said, the Court need not consider the allegations further, as Plaintiff does not develop any argument concerning Paragraph 15 of the Mortgage. "[I]ssues adverted to in a perfunctory fashion, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Casas, 425 F.3d 23, 30 n.2 (1st Cir. 2005) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).
[4] Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011).

-8-

Notice complied with Paragraph 24 of the Mortgage and M.G.L. c. 244, §35A(a), as discussed below.

As a preliminary point, despite Plaintiff's claim in paragraph 23 of her Complaint, she then recognizes in paragraph 30 of that pleading that the Notice was sent to her, which she characterizes as a "'hybrid' form default/right to cure Notice." See Complaint, ¶30. Plaintiff suggests that this Notice combines the notice of default under provided under Paragraph 24 of the Mortgage and the notice to cure under M.G.L. c. 244, §35A ("35A Notice").[5] Id.

HarborOne recognizes that a mortgagee must provide the mortgagor with a notice that complies with the terms of Paragraph 24 of the Mortgage prior to foreclosure. Pinti, 472 Mass. at 240. Here, the Notice – the 90 day right to cure default letter sent to Plaintiff, via USPS certified mail, dated April 10, 2025 – strictly complies with Paragraph 24 of the Mortgage on its face. See Mortgage at **Exhibit A**, ¶ 22. Paragraph 24 of the Mortgage requires notice of the default, the amount to cure the default, a date not less than 30 days by which to cure the default, notice of a borrower's right to bring a court action to challenge the default, and right to reinstate after acceleration. Id. The Notice sent to Plaintiff provides all of the required information. Plaintiff does not allege that any of the required language from Paragraph 24 is missing from the Notice. Rather, the crux of Plaintiff's claims is compliance with 24 CFR 203.604. As detailed below, HarborOne complied with 24 CFR 203.604 in attempting to arrange a meeting with Plaintiff. Thus, there is no basis for a breach of contract claim under Paragraph 24 of the Mortgage.

Furthermore, the Massachusetts Division of Banks set forth regulations at 209 CMR § 56.04 detailing the standard form a mortgagee should use in a 35A Notice. The Notice sent to

---

[5] As discussed further below, even though the April 10, 2025 Notice complied with M.G.L. c. 244, §35A, it was not required to do so. Plaintiff had previously received a § 35A notice and right to cure within five years prior to the April 10, 2025 Notice, such that the subsequent notice "need not be measured against [M.G.L. c. 244, §35A's] provisions." Carini v. Bristol County Savings Bank, 103 Mass. App. Ct. 904, 909 (2024).

plaintiff follows 209 CMR § 56.04 verbatim. Notices with the exact same language have been found to not be misleading or confusing, and to be in strict compliance with the terms of the mortgage. See Thompson v. JPMorgan Chase Bank, N.A., 486 Mass. 286 (2020) (hybrid notice to cure was not inaccurate or deceptive where it complied with requirement under 209 CMR § 56.04 to extend the reinstatement period up to the foreclosure date beyond the date found in paragraph 19 of that mortgage); O'Brien v. Nationstar Mortg. LLC, No. 23-10774-LTS, 2023 U.S. Dist. LEXIS 150512(D. Mass. July 25, 2023); Davalos v. HSBC Bank USA, N.A., No. 23-cv-10270-DJC, 2023 U.S. Dist. LEXIS 102431 (D. Mass. June 13, 2023); Est. of Orre v. Ocwen Loan Servicing, LLC, No. 19-10553-TSH, 2023 U.S. Dist. LEXIS 56178 (D. Mass. March 31, 2023) see also U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass 421, 430-31 (2014) (no requirement that a 35A Notice needs to be in strict compliance for a valid foreclosure).

Plaintiff further claims that the April 10, 2025 Notice "presents an affirmative misstatement" as it relates to the reinstatement of the loan after acceleration in that (1) the notice provides that "[a]fter (the right to cure date/ acceleration date), 'you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place . . . to avoid foreclosure' and further that the Plaintiff has 'the right to reinstate the loan after acceleration'; but that (2) 'Paragraph 18 of the Mortgage omits the Plaintiffs right to reinstate by stating that 'Lender is not required to reinstate if…lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceedings.'" Complaint, ¶¶22-23.

This argument misstates the plain language of Paragraph 18 of the Mortgage. That provision makes clear that the "[l]ender is not required to reinstate" the loan but does not preclude the lender from doing so. **Exhibit A**. Put another way, there is no disconnect between the April

10, 2025 Notice and Paragraph 18 of the Mortgage: HarborOne could – as stated in the April 10, 2025 Notice – reinstate the loan, although it was not required to under the Mortgage.

Finally, Plaintiff makes a quixotic argument concerning Plaintiff's entitlement to the Notice. Plaintiff alleges that in January 2022, HarborOne filed a complaint in the Massachusetts Land Court "pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiffs for the purpose of initiating foreclosure action" and that as part of that action, HarborOne filed a right to cure noticed dated August 21, 2021 pursuant to M.G.L. c. 244, §35A and the Mortgage. Complaint, ¶¶25-26. Plaintiff further claims that she effectively cured the default alleged in the notice dated August 21, 2021 "via a modification of the Mortgage that made her current as of March 1, 2025." Id. at ¶27. HarborOne then filed a new complaint in the Massachusetts Land Court on September 26, 2025 "pursuant to the Servicemembers Relief Act 50 USC c. 50 § 3901 et. seq. to determine Servicemember status of Plaintiff for the purpose of initiating foreclosure action against Plaintiff" and as part of that action, HarborOne filed a right to cure noticed dated April 10, 2025 pursuant to M.G.L. c. 244, §35A and the Mortgage. Complaint, ¶¶29-30.

Plaintiff seems to suggest that because HarborOne had previously sent Plaintiff a right to cure notice in August 2021, that it somehow impacts the validity of the April 2025 Notice. This argument misses the mark. As Plaintiff recognizes, she "was only entitled to a §35A notice and right to cure once during any five year period…" Id. at ¶31. Put another way, because HarborOne had already sent Plaintiff a right to cure notice in August 2021, it was not required, under M.G.L. c. 244, §35A, to provide the Notice and right to cure in April 2025. The fact that HarborOne did so, in compliance with the notice provisions of the Mortgage, is not in violation of M.G.L. c. 244, §35A as the Massachusetts Appellate Court has previously recognized. See Carini, 103 Mass. App. Ct. at 906 (where a borrower has already received a § 35A notice and right to cure within the

specified time frame, they are "not entitled to another § 35A notice and right to cure" within the same period, such that any subsequent letter within the five year period "need not be measured against that statute's provisions") (quoting Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 508 (2019)).

Taken together, HarborOne's April 10, 2025 Notice to Plaintiff complied with both the Mortgage and Massachusetts law more generally. Plaintiff cannot bring a breach of contract claim premised on the Notice, such that dismissal is warranted.

### ii.     The Notice Complied with Paragraph 22 of the Mortgage and 24 CFR § 203.604.

Plaintiff further argues that HarborOne did not comply with Paragraph 22 of the Mortgage by failing to have "a meeting with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting" as required by 24 CFR § 203.604. Complaint, ¶15, see also id. at ¶¶7-8. This argument fails for multiple, independent reasons.

First, the Complaint does not contain any allegations that any foreclosure auction occurred, is scheduled to occur, or that a foreclosure deed exists. Second, Plaintiff's assertion that HarborOne failed to "[have] a meeting with her before three full monthly installments due on the mortgage were unpaid" fails to state a claim upon which relief can be granted, as that is not the requirement under 24 CFR § 203.604(b). Rather, that regulation requires that "[t]he mortgagee must conduct a meeting with the mortgagor, or make a reasonable effort to arrange such a meeting…" Id. (emphasis added). As detailed herein, HarborOne made reasonable efforts to arrange a meeting with Plaintiff, such that Plaintiff's argument fails on its face.

Prior to March 2020, 24 CFR 203.604 required a face-to-face meeting between a borrower and lender subject to certain exceptions. Starting in March 2020, due to public health concerns

around the spread of COVID-19, the United States Department of Housing and Urban Development ("HUD") instituted a temporary, partial waiver of the face-to-face meeting requirement. See 89 FR 63082; Docket No. FR-6353-F-02. On January 1, 2025, a final rule, amending 24 CFR 203.604, took effect. Id.; see also 24 CFR 203.604. In pertinent part, the amended regulation provides that "[t]he mortgagee must conduct a meeting with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid and at least 30 days before foreclosure is commenced." 24 CFR 203.604(a)(1). "A reasonable effort to arrange a meeting with the mortgagor shall consist of, at a minimum, two verifiable attempts to contact the mortgagor utilizing methods determined by the Secretary." 24 CFR 203.604(a)(3). HUD recognizes a number of acceptable methods to arrange a meeting with the mortgager. See 89 FR 63082; Docket No. FR-6353-F-02 (citing to The FHA Single Family Housing Policy Handbook 4000.1).[6] Specifically, "[t]he Mortgagee may use mail, certified mail, in person, any acceptable method of electronic communication, or telephone contact attempts to establish contact with the Borrower." The FHA Single Family Housing Policy Handbook 4000.1, Section III(a)(2)(iv)(B).

Here, the undisputed facts establish that LoanCare, as HarborOne's servicer, sent a letter to Plaintiff on November 20, 2024 via USPS certified mail informing Plaintiff that she was entitled to a meeting and requesting that Plaintiff contact LoanCare to discuss the same, consistent with 24 CFR 203.604. See **Exhibit C**. On December 2, 2024, LoanCare sent Plaintiff a second letter requesting the same. Id. These efforts comply with requirements under 24 CFR 203.604(a)(1) and 24 CFR 203.604(a)(3) and were done before three monthly installments due on the Mortgage were unpaid.

---

[6] Available at https://www.hud.gov/program_offices/housing/sfh/handbook_4000-1.

Moreover, to the extent Plaintiff argues she did not receive the letters from HarborOne, such an argument is unavailing. "Plaintiff's denial that he got the certified letter is legally insufficient. A mortgagor's denial of having received the letter does not give rise to a factual dispute regarding the mortgagee's compliance with the requirement to send it." Dan-Harry v. PNC Bank, N.A., No. 17-136WES, 2018 U.S. Dist. LEXIS 178423, at *13-14 (D.R.I. Oct. 17, 2018)

Accordingly, HarborOne complied with Paragraph 22 of the Mortgage by attempting to meet with Plaintiff consistent with 24 CFR § 203.604. Thus, Plaintiff has no breach of contract claim under Paragraph 22 of the Mortgage or 24 CFR § 203.604 such that dismissal is warranted.

### C. Plaintiff's Breach of Contract Claim Fails as a Matter of Law.

In order for Plaintiff to prevail on a breach of contract claim, she must establish "that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result." Bulwer v. Mount Auburn Hospital, 473 Mass. 672, 690 (2016) (citing Singarella v. Boston, 342 Mass. 385, 387 (1961)). For the purposes of this pleading only, HarborOne acknowledges that the Mortgage constituted a valid and binding contract. However, the Complaint does not allege that Plaintiff was "ready, willing, and able to perform…her part of the contract." Put another way, Plaintiff has not stated a plausible claim for breach of contract given that she has not and cannot allege that she was current on her Mortgage obligations. Furthermore, Plaintiff has not and cannot establish that HarborOne breached the terms of the Mortgage. HarborOne incorporates by reference its arguments, *supra*, as to the undisputed facts that HarborOne has not breached the Mortgage, complied with 24 CFR 203.604, and complied with the Notice issued to Plaintiff. Given that Plaintiff has not and cannot establish that she was not in breach and that HarborOne was in breach, the Court need not consider any alleged damages Plaintiff might claim.

Even if the Court were to consider Plaintiff's damages arguments, however, dismissal is still appropriate. For example, while Plaintiff claims that she has been damaged by "loss of property, higher principal balance, improper negative reporting to credit bureaus, inappropriate fees and charges assessed to their account, including broker price opinion fees, inspection fees, attorney's fees, 'process management' fees, late fees and other charges associated with delinquency and default, and increased accrued interest" she does not allege any well-pled facts in support of the same. Complaint, ¶53. Indeed, while Plaintiff alleges "loss of property" as a category of damages, she does not allege that any foreclosure sale has even happened. Moreover, Plaintiff's claim for "emotional injuries and damages" has no basis under Massachusetts law. Complaint, ¶52. Emotional distress damages are not recoverable in a contract action, except where breach of contract involves physical harm or is the result of "extreme and outrageous" intentional or reckless conduct. John Hancock Mut. Life Ins. Co. v. Banerji, 447 Mass. 875, 888 (2006); Di Giovanni v. Latimer, 390 Mass. 265, 271 (1983); Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). Plaintiff has alleged no such facts, such that her claim for "emotional injuries and damages" should be dismissed.

## V.   CONCLUSION.

For the foregoing reasons and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, HarborOne submits that Plaintiff's Complaint must be dismissed at this time. Moreover, given that the procedural and substantive failures of the Complaint which cannot be cured by repleading, HarborOne respectfully requests that the Complaint be dismissed with prejudice. See Kerr v. City of Attleboro, 757 F. Supp. 3d 145, 147 (D. Mass. 2024) (dismissing second amended complaint with prejudice where plaintiff "failed to address or cure identified deficiencies in his first amended complaint"); Miller v. Kopelman and Paige, P.C., No. 06-cv-10381-MLW, 2008 U.S. Dist. LEXIS 135928 (D. Mass. Mar. 13, 2008).

***** ***** *****

                                              Respectfully submitted,

                                              HARBORONE MORTGAGE, LLC,

                                              By Its Attorneys,

Dated: December 1, 2025               By: */s/ Trevor J. Brown*
                                                  Trevor J. Brown, Esq. (BBO #703256)
                                                  Dinsmore & Shohl LLP
                                                  101 Arch Street, Suite 1800
                                                  Boston, MA  02110
                                                  Telephone: (857) 305-6400
                                                  Facsimile: (857) 305-6401
                                                  trevor.brown@dinsmore.com

<b><u>CERTIFICATE OF SERVICE</u></b>

     I hereby certify that on this 1st day of December 2025, a true and accurate copy of the foregoing was filed electronically.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and copies will be mailed via U.S. mail, e-mail, and/or facsimile to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                            By: */s/ Trevor J. Brown*
                                                                 Trevor J. Brown, Esq.